In the Matter of JILL E. MEYER, Appellant, v EDWARD K. RUDINGER, Respondent. [727 NYS2d 204] —Carpinello, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered January 20, 2000, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

In June 1999, the parties stipulated to petitioner having physical custody of their two children, a son born in 1989 and a daughter born in 1993, with respondent having regular visitation, and Family Court entered an order of custody based on that stipulation. In October 1999, petitioner commenced this proceeding seeking modification of the visitation provisions of the order. Petitioner subsequently filed several additional petitions involving visitation, support and an alleged family offense, and respondent thereafter filed a petition in which he sought physical custody of the children. Following a hearing, Family Court modified the prior order by, *inter alia*, awarding physical custody of the children to respondent, prompting this appeal by petitioner.

Petitioner contends that Family Court erred in denying her

request for psychological evaluations of the children.* Petitioner claimed that the children were coming home late and unfed from visits with respondent, with their homework undone, and that respondent was making disparaging remarks about her in front of them. Accordingly, she argued that psychological evaluations might "shed some light on who the bad guy is here because there's somebody that's lying." We conclude that none of the issues identified by petitioner involved the mental or emotional health of the children such that Family Court should have exercised its broad discretion to order psychological evaluations of the children (*see, Matter of Thompson v Thompson*, 267 AD2d 516, 519). Nor does the record demonstrate that such evaluations were necessary in order for the court to reach a decision on the merits since it included testimony from the parties and the children's teachers, an independent psychological evaluation of the parties' son conducted in May 1999 and an in camera interview with the children (*see, Matter of Peters v Peters*, 260 AD2d 952, 953; *Matter of Knauff v Fritz*, 108 AD2d 1081).

Turning to the merits, we reject petitioner's claim that Family Court erred in ordering a change in custody. Modification of a preexisting custody arrangement requires "a showing of a change in circumstances which reflects a definite need for modification to ensure the best interests of the children" (*Matter of Thompson v Thompson, supra*, at 517), and Family Court's findings in this regard "will not be set aside unless they lack a sound and substantial basis in the record" (*id.*, at 518). Among the factors to be considered by the court are the quality of the parents' respective home environments, the length of time of the custodial arrangement sought to be modified, each parent's past performance and relative fitness, and their ability to guide and provide for the child's intellectual and emotional development (*see, Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 675).

Petitioner conceded that her son was defiant, she had difficulty controlling him, he wanted to live with respondent and it might be in his best interest to do so. For example, the night before the custody hearing, petitioner lost her temper and threw an ashtray to the floor near where her son was standing. The record supports Family Court's finding that the relationship between petitioner and her son had deteriorated drastically and become intolerable, which constitutes a sufficient change in circumstances to warrant modification of the

---

* Although respondent claims that subsequent proceedings have rendered this issue moot, there is no record evidence to support this claim.

custodial arrangement. Considering the general reluctance of courts to separate siblings (*see, e.g., Ebert v Ebert,* 38 NY2d 700, 704) and the absence of any evidence to establish that the best interest of each child is with a different parent (*cf., Matter of Copeland v Copeland,* 232 AD2d 822, 823, *lv denied* 89 NY2d 806), we find no basis to disturb Family Court's order granting physical custody of both children to respondent.

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.