■ In the Matter of TODD R. ENGWER, Appellant, v MELISSA M. ENGWER, Respondent. [762 NYS2d 689] —Kane, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered August 9, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Pursuant to a stipulated custody order entered in October 2000, the parties share joint legal custody of their three children, respondent has primary physical custody, and petitioner has liberal visitation on an alternating schedule including five days and nights every two weeks. The schedule provides for alternate week visitation in the summer. In September 2001, petitioner sought to modify the arrangement to joint physical custody on the alternating week schedule used that summer. Following a hearing, Family Court declined to modify the custody order and dismissed the petition. Petitioner appeals.

Petitioner argues that Family Court incorrectly applied the standard for a modification in custody when this case only involves a modification of visitation. He is incorrect on the facts and the law. Factually, his petition asks for a change from primary physical custody with respondent to joint physical custody. Legally, the standard is the same for modifications of visitation and custody, although the extent and magnitude of the proposed modification have some bearing on the court's ultimate determination. The standard requires the petitioner to "demonstrate a change in circumstances warranting modification of the visitation [or custody] order to advance the best interest[s] of the child[ren]" (*Matter of Reese v Jones*, 249 AD2d 676, 677 [1998] [citations omitted]; *see Matter of La Bier v La Bier*, 291 AD2d 730, 732 [2002], *lv dismissed* 98 NY2d 671 [2002]). Family Court's decision will not be disturbed if there is a sound and substantial basis in the record, giving great deference to that court's credibility determinations as it was able to observe the witnesses at the hearing (*see Matter of Meola v Meola*, 301 AD2d 1020, 1021 [2003]; *Scialdo v Kernan*, 301 AD2d 884, 885 [2003]).

Petitioner explained that he could arrange his work schedule by trading shifts so that he would be home almost the entire time during weeks the children were with him if an alternate week schedule was adopted, thereby satisfying his burden of demonstrating a change in circumstances. However, given that the children are doing well under the existing order, petitioner failed to prove that it would advance the children's best interests to change the current custodial arrangement. Although psychological evaluations and law guardian submissions can provide valuable assistance to the court in its decision-making process (*see Matter of Thompson v Thompson*, 267 AD2d 516, 519 [1999]), Family Court is certainly empowered to reach a decision contrary to their positions based on its evaluation of all the evidence (*see Matter of Fletcher v Young*, 281 AD2d 765, 768 [2001]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.