■ In the Matter of PHILIP L. GRAYSON, Appellant, v TERESA L. FENTON, Respondent. [788 NYS2d 188]—

Mugglin, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered April 14, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the unmarried parents of a daughter, born in 1993, who has resided with respondent since her birth. Also living in respondent's household are her two sons, one who is one year older than her daughter, and one four years younger. Each child has a different father. By petition verified January 28, 2003, petitioner seeks an order awarding him physical custody of his daughter. Despite the recommendation of the Law Guardian and the child's expressed wishes,

Family Court, in a thorough, insightful and well-reasoned decision, determined that the best interests of the child required continuation of legal and physical custody with respondent. Although Family Court considered the totality of all circumstances, particular concern was expressed over continued corporal punishment of the child by petitioner, petitioner's continued need for temper and anger management counseling, the fact that the child has always resided with respondent and the fact that a sufficient change in circumstances justifying a change in custody was not shown. While we agree with each of the concerns expressed by Family Court, we are particularly persuaded by the final observation that a sufficient change of circumstances has not been demonstrated. Therefore, we affirm.

In reviewing Family Court's determination, we are guided by the familiar principles found in *Matter of Friederwitzer v Friederwitzer* (55 NY2d 89, 94 [1982]), *Matter of Bates v Bates* (290 AD2d 732, 733 [2002]), *Matter of Esterle v Dellay* (281 AD2d 722, 726 [2001]), and *Matter of Synakowski v Synakowski* (191 AD2d 836 [1993]). Thus, we look to see if Family Court evaluated the totality of the circumstances affecting this child's life, including the quality of the parents' respective home environments, the length of time of the existing custody arrangement, the parents' past performance and relative fitness, their ability to guide and provide for the child's intellectual and emotional development, the needs of the child, the child's wishes, as well as any possible manipulation of those wishes, and the need for stability in the child's life. Of course, no single factor is dispositive and deference is normally accorded to Family Court's findings of fact. In short, "[a]n existing custody arrangement will not be altered absent a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest" (*Matter of Yizar v Sawyer*, 299 AD2d 767, 768 [2002]; *see Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]).

Here, Family Court's decision is amply supported by the record. Of the six allegations of a change in circumstances in respondent's life since the entry of the previous order, four were shown at the hearing to have no basis in fact or to have occurred prior to the entry of the previous order. With respect to the cigarette smoking allegation, respondent clearly demonstrated that the child is no longer exposed to second-hand smoke from members of her husband's family because they are now estranged and, when respondent smokes, she goes outdoors. The allegation that the child was burned when she backed into the cigarette of a younger member of respondent's husband's

family, while true, was clearly shown to be accidental, resulting in a very minor burn which was promptly treated by respondent.

The other allegation which had a basis in fact was that respondent had moved numerous times, a factor which Family Court found did cause instability in the child's life. However, as Family Court noted, these moves were understandable as they occurred after one landlord significantly raised respondent's rent, after her husband lost one job, after her husband found another job, after her youngest son got lead poisoning from paint in one of the residences and, currently, because her landlord has sold the house and the purchaser wants occupancy. We agree with Family Court that, under these circumstances, there is not a sufficient change in circumstances to support a change in custody. We also agree with Family Court that petitioner's criminal history, his failure to complete anger management counseling and his failure to pay any child support to respondent, while at the same time manipulating the child by purchasing things for her, all demonstrate that the child's best interests are served by continuing legal and physical custody with respondent.

Peters, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.