In the Matter of KEITH A. KEMP, SR., Respondent, v SHARON M. KEMP, Appellant. (And Another Related Proceeding.) [797 NYS2d 146]—

Mercure, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 29, 2002, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties were married on July 16, 1994, and they have two sons, Kyle and Keegan, born in 1994 and 1996, respectively. Following a brief hospitalization of respondent in June 1998 for mental health issues, petitioner left the marital residence, taking Kyle and Keegan with him, along with his two older children, Keith Jr. and Kaitlin, who had also lived in the marital home. In a separation agreement dated in January 1999, the parties agreed to joint legal custody of Kyle and Keegan, with respondent having primary physical custody and petitioner having visitation as specified in a schedule. The separation agreement was incorporated but did not merge into the judgment of divorce that was entered in September 1999.

The parties' postmarital relationship was marred by intense acrimony, and ultimately, respondent was convicted of harassment. She was later held in criminal contempt of a protective order that had been issued in favor of petitioner and, in May 2000, she was placed on probation for a period of three years. In late 2001, she violated the terms of her probation, and was sentenced to 120 days in the county jail. Upon respondent's incarceration in January 2002, petitioner acquired actual physical custody of Kyle and Keegan, who came to live in petitioner's home, along with their half siblings, Keith Jr. and Kaitlin, and petitioner's fiancée and her three daughters. Petitioner thereafter sought sole legal and primary physical custody of Kyle and Keegan. Respondent answered and cross-petitioned for the same relief.

The matter proceeded to a hearing, at which both parties testified, as did numerous other witnesses including the teachers in the school district whose classes were attended by the boys while in petitioner's custody. Family Court considered a report from a court-ordered mental health evaluation of respondent and heard the testimony from the social worker who was counseling respondent during and after her incarceration. At the conclusion of the hearing, Family Court awarded sole legal and physical custody of Kyle and Keegan to petitioner, with specified visitation scheduled for respondent. Respondent appeals, and we affirm.

A petitioner seeking modification of the custody provisions in a separation agreement that survived the judgment of divorce must show that there has been a sufficient change in circumstances such that modification will advance the best interests of the children (*see Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 831 [2004]; *Munson v Lippman*, 2 AD3d 1252, 1253 [2003]; *Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]; *Matter of Hrynko*

*v Blaha*, 271 AD2d 714, 716 [2000]). Family Court should consider a broad array of factors that will illuminate whether a modification of the custodial arrangement is in the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). These factors include "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Gregio v Rifenburg, supra* at 831 [internal quotation marks and citations omitted]; *see Matter of Meyer v Rudinger*, 285 AD2d 714, 715 [2001]; *Matter of Yelverton v Stokes*, 247 AD2d 719, 720 [1998], *lv denied* 92 NY2d 802 [1998]). Given Family Court's opportunity to assess the credibility of the witnesses, its findings in modifying an existing custody arrangement are afforded great deference and will not be set aside unless they lack a sound and substantial basis in the record (*see Matter of Engwer v Engwer, supra* at 505; *Matter of Meyer v Rudinger, supra* at 715; *Matter of Shepard v Roll*, 278 AD2d 755, 756 [2000]).

Several factors formed the basis for Family Court's decision. First, although the separation agreement provided for joint custody and primary physical custody with respondent, the boys had already been subjected to an actual change of custody by reason of respondent's incarceration, which was the result of her volitional behavior. Thus, Family Court's order, while altering the legal status of the parties' custodial agreement, actually maintained the existing custody arrangement that had been in place for approximately eight months at the time of the hearing. Second, Family Court concluded that respondent was not a credible witness and, in concurrence with the court-ordered mental health evaluation, found that she was either unable to appreciate, or was untruthful about, the self-destructive conduct in which she had engaged and the extent to which that conduct evidenced a failure to exercise good parental judgment. Indeed, Family Court noted that respondent's poor judgment was reflected in her failure to make adequate arrangements for the care of the boys when her incarceration was imminent. Family Court further concluded that respondent had failed to genuinely engage in counseling to address the reasons for her behavior. Last, Family Court noted that petitioner was providing the boys with an adequate and stable home environment in a school district to which they had adjusted well, and that another change was not in their best interests. As Family Court's determination to modify the custody agreement has a sound and substantial basis in the record, it will not be disturbed. Morever,

although not conclusive, we note that Family Court's determination accords with the position taken by the Law Guardian at the hearing and before this Court (*see Matter of Gregio v Rifenburg, supra* at 832).

Respondent's contention that Family Court erred in failing to maintain joint legal custody even if primary physical custody was properly awarded to petitioner is without merit. Beyond the fact that the record reveals that the relationship between petitioner and respondent had deteriorated to the point where they were wholly unable to communicate, respondent's counsel stated at the hearing that joint legal custody was not a workable option for these rancorous parties.

Finally, respondent's contention that she was denied the effective assistance of counsel is without merit. The record reveals that respondent was provided with meaningful representation throughout the proceedings. The omissions of which she complains on appeal are attributable to legitimate trial tactics, or, with respect to counsel's failure to lay a proper evidentiary foundation for the admission of certain audiotapes, did not cause her to suffer actual prejudice (*see Matter of Dingman v Purdy*, 221 AD2d 817, 818 [1995]).

In sum, we find no basis to disturb Family Court's order modifying the parties' custody agreement.

Cardona, P.J., Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.