◼ In the Matter of Iris Reichenberger, Respondent, v Darren Skalski, Appellant. [805 NYS2d 711]—

Mercure, J.P. Appeal from an order of the Family Court of Schoharie County (James, J.H.O.), entered November 24, 2004, which dismissed respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties married in 1996, had a son in 1998 and divorced in 2001 while residents of New Jersey. Their New Jersey divorce judgment incorporated a written separation agreement, which set forth detailed provisions addressing custody and visitation of the child. Under the terms of the agreement, the parties had joint legal custody and petitioner, who had returned to live near family in Schoharie County, was granted primary physical custody. Respondent continued living in New Jersey, and the agreement provided him with visitation that included alternate weekends and two weeks each summer.

Petitioner commenced this proceeding seeking supervised visitation after allegedly learning that respondent attempted to influence the child to state that he wanted to live with respondent. Respondent cross-petitioned, seeking primary physical custody and alleging that he could provide a better home, decrease the child's time in day care and afford him better educational opportunities. Petitioner eventually withdrew her petition, but a hearing was held on respondent's petition to change physical custody. After the proof was closed, respondent moved to reopen the case, asserting that petitioner's work schedule had changed, resulting in the child spending additional

time in day care. Family Court denied the motion to reopen and rendered a detailed written decision dismissing respondent's petition. Respondent appeals and we now affirm.

A party seeking to modify the custody provisions of a separation agreement that survives a judgment of divorce must show a change of circumstances reflecting a definite need for modification to ensure the best interests of the child (see Matter of Kemp v Kemp, 19 AD3d 748, 749 [2005], lv denied 5 NY3d 707 [2005]; Matter of Hrynko v Blaha, 271 AD2d 714, 716 [2000]). Among the many factors considered and weighed in making this determination are "the quality of the parents' respective home environments, the length of time of the existing custody arrangement, the parents' past performance and relative fitness, their ability to guide and provide for the child's intellectual and emotional development, the needs of the child, the child's wishes, as well as any possible manipulation of those wishes, and the need for stability in the child's life" (Matter of Grayson v Fenton, 13 AD3d 914, 915 [2004]; see Matter of Russo v Russo, 257 AD2d 926, 927 [1999]). Family Court's factual findings are accorded due deference because it is in the best position to assess the credibility of witnesses (see Matter of Kubista v Kubista, 11 AD3d 743, 745 [2004]; Matter of Schermerhorn v Breen, 8 AD3d 709, 710 [2004]).

Respondent's arguments regarding the best interests of the child focus primarily on the alleged advantages in education and home life that he could provide. At the hearing, respondent produced a former school superintendent who, based on data about the schools, indicated that the school district where respondent resides is superior to the one attended by the child in Schoharie County. He acknowledged, however, that the school in Schoharie County was in good standing. The child's kindergarten teacher testified that the child had made good progress and was well-adjusted and happy. Moreover, all contacts with the school about the child's education had been made by petitioner.

Moreover, Family Court did not find that the home provided by petitioner was inadequate or unsafe. Although the child attends day care and respondent contends that this would be unnecessary if the child lived with him because his current wife does not work, Family Court concluded that petitioner—a single mother—is devoted and actively engaged in the child's care, and that there was no evidence that the day-care facility was inadequate. Family Court acknowledged that the child expressed a desire to spend more time with respondent, but did not find this sufficient to change custody, and noted a concern about possible "coaching" by respondent. Nevertheless, the court's decision

provided for additional visitation. Finally, we note that the Law Guardians, both at the hearing and on appeal, took positions in favor of maintaining custody with petitioner, who had been the primary caregiver since the parties' divorce (*see Matter of Kemp v Kemp, supra* at 751). Under these circumstances, we are not persuaded that Family Court's determination lacks a sound and substantial basis in the record (*see Matter of Putnam v Satriano*, 18 AD3d 921, 921 [2005]; *Matter of Ciannamea v McCoy*, 306 AD2d 647, 648 [2003]).

We have considered respondent's remaining contentions and conclude that they are without merit.

Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.