■ In the Matter of PAIGE BESSETTE, Appellant, v ARTHUR W. PELTON III, Respondent. (And Another Related Proceeding.) [814 NYS2d 397]—

Lahtinen, J. Appeal from an order of the Family Court of Rensselaer County (Leaman, J.), entered June 14, 2004, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties started living together in 1998, they had a child in January 2000 and terminated their relationship in May 2000. After they separated, petitioner (hereinafter the mother) was awarded custody of the child, with respondent (hereinafter the father) receiving visitation every other weekend. In March 2002, the father filed a modification petition seeking custody of the child on the ground that the mother's living conditions were unsuitable. In April 2002, the parties appeared before Family Court (Griffin, J.), and, electing to proceed without counsel, they stipulated on the record to an order of joint legal custody, with primary physical custody with the father, liberal visitation for the mother, and the parties would be "free to change the physical residence of the child as they can agree upon in the future, depending upon [the mother's] living arrangement." The Law Guardian prepared the order, which stated in part that "the parties shall change the physical residence of the child at such time as the residence of [the mother] changes."

In June 2002, the mother filed a petition for a change of physical custody since her living conditions had allegedly improved, but that petition was dismissed when neither party appeared on the return date. Nevertheless, the parties ostensibly informally agreed to a visitation schedule whereby they essentially shared physical custody and this agreement worked until June 2003, when they both filed petitions; the mother seeking sole legal and physical custody, and the father alleging visitation violations by the mother. A temporary order, which is not in the record, was reportedly entered in July 2003 keeping physical custody with the father. Various proceedings ensued until May 2004, when a four-day hearing was held. The witnesses included Michelle Marte, a court-appointed evaluator, who testified about her meetings with the parties and her recommendation that the

father continue to have primary physical custody. The Law Guardian indicated that he favored placing primary physical custody with the mother. Family Court rendered a detailed decision in which it concluded that the best interests of the child would be advanced by joint legal custody, with primary physical custody to the father and liberal visitation provisions for the mother. The mother appeals.

We initially note that "[i]nformal custodial arrangements and even temporary custody orders, issued without the benefit of a full plenary hearing, are simply a factor relevant to the ultimate determination" (*Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]). Here, the language of the April 2002 order and the in-court stipulation upon which it was based are not consistent and, moreover, within two months of that order, the parties entered into an informal arrangement of shared physical custody. We find the April 2002 order and the July 2003 temporary order of little significance in resolving this case (*see Matter of Anson v Anson*, 20 AD3d 603, 603-604 [2005], *lv denied* 5 NY3d 711 [2005]).

What is significant, however, as it is in all cases involving custody and visitation, is the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Peet v Parker*, 23 AD3d 940, 941 [2005]). Factors germane to determining what custodial arrangement will be in the best interests of the child include " 'maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004], quoting *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]). "[A]lthough this Court's authority in custody matters is as broad as that of Family Court, we nonetheless afford deference to Family Court's opportunity to assess witness credibility and 'will not disturb those findings unless they lack a sound and substantial basis in the record' " (*Matter of Anson v Anson, supra* at 604, quoting *Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]).

Here, as fully explained by Family Court and amply supported by the record, each party had strengths and weaknesses. For example, Family Court discussed the father's lapse of judgment in leaving the child with a 13-year-old babysitter while he went out on a night in December 2003 and eventually became intoxicated, damaged property and was arrested. The mother's smoking in the presence of the child, who has asthma, was

considered. Each parent is currently employed and able to draw upon a family support network. The child had done well during her most recent year with her father and was attending a day-care program where she was excelling. There was evidence that the mother attempted to manipulate the child to say negative things about the father and she terminated the child's health insurance (a detriment to the child) in an attempt to punish the father. On the other hand, there was proof that the father may have engaged in some inappropriate physical contact of the mother. Also, as previously stated, the court evaluator and Law Guardian offered different proposals regarding custody. Clearly, this was a difficult case. Under such circumstances, the trial court's observations of the demeanor of the witnesses and its credibility determinations necessarily carry weight. After reviewing the record, we find that Family Court's decision is supported by the proof therein and we are unpersuaded that its decision should be set aside.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.