In the Matter of LESLIE K. ECK, Appellant, v KENNETH R. ECK, JR., Respondent. (And Another Related Proceeding.) [822 NYS2d 651]—

Cardona, P.J. Appeal from an order of the Family Court of Delaware County (Burns, J.), entered June 15, 2005, which, inter alia, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for sole custody of the parties' child.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) were married in 1994, divorced in 2001 and have a son (born in 1998). Pursuant to a stipulation of settlement at the time of the divorce, the parties agreed to joint legal custody of their son, with physical custody to the mother and visitation to the father.

In June 2004, the mother commenced the first of the subject modification proceedings seeking sole custody of the parties' son. In her petition, the mother noted the filing of a contemporaneous child protective services (hereinafter CPS) report which alleged that the child had been inappropriately touched by the son of the father's girlfriend, who is two years older than the parties' child. In response, the father cross-petitioned for sole custody, accusing the mother of mental instability and alleging that she had repeatedly employed the child protective system to harass him to the detriment of their son's well-being. The mother thereafter filed an amended petition alleging, among other things, that her son had been burned while in the care of his paternal grandmother and the father had provoked the child

to hit the mother with a water balloon. In that amended petition, the mother also referenced three CPS reports concerning inappropriate sexual behavior to which she claimed the child had been subjected while in the father's care.

Following a fact-finding hearing, Family Court awarded sole legal and physical custody to the father, with liberal visitation to the mother. In so doing, the court concluded that joint custody was impracticable due to, among other things, the parties' animus. The mother appeals from Family Court's order.

Although our authority in custody matters is as broad as that entrusted to Family Court, "[g]iven Family Court's opportunity to assess the credibility of the witnesses, its [factual] findings in modifying an existing custody arrangement are afforded great deference and will not be set aside unless they lack a sound and substantial basis in the record" (*Matter of Kemp v Kemp*, 19 AD3d 748, 750 [2005], *lv denied* 5 NY3d 707 [2005]; *see Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]). That being said, the overriding consideration in determining custody is always the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Lopez v Robinson*, 25 AD3d 1034, 1035 [2006]; *see also* Domestic Relations Law § 70 [a]). In ascertaining the child's best interests, courts must review the totality of the circumstances, including " 'maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004] [citation omitted], quoting *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *accord Matter of Anson v Anson, supra* at 604). We further note that, where, as here, the existing custody arrangement is borne of the parties' agreement, rather than as the result of a plenary hearing before Family Court, it is only one of the factors to consider in determining what is best for the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]; *Matter of Vickery v Vickery*, 28 AD3d 833, 833 [2006]; *Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]).

In these proceedings, we first conclude that Family Court appropriately determined that joint custody was no longer workable given the parties' inability to communicate effectively and amicably for the sake of their son (*see Matter of Murray v McLean*, 304 AD2d 899, 900 [2003]; *compare Matter of Blanchard v Blanchard*, 304 AD2d 1048, 1049 [2003]). Although there is

evidence that they cooperated well in the past, both parties acknowledged the breakdown in communications between them. There was also testimony that the father and the mother each engaged in unilateral decision-making concerning the child and the commencement of the instant proceedings—as well as the frequent involvement of child protective agencies at the mother's behest—further evidences the deterioration of the parties' ability to cooperate for their son's welfare (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]).

With joint custody thus no longer a feasible option, Family Court proceeded to determine what custodial arrangement would most appropriately serve the child's best interests (*see Ulmer v Ulmer*, 254 AD2d 541, 542 [1998]). In that regard, the court expressly found that the actions of the mother unnecessarily subjected the child to intrusive investigations by law enforcement and child protective workers. In our view, this record supports that finding. Notably, not one of the investigations prompted by the mother yielded a finding of wrongdoing on the part of the father. In fact, Family Court characterized as insignificant most of the incidents pointed to by the mother as evidence of the father's unfitness as a parent. Moreover, CPS staff thoroughly investigated the only significant incident—i.e., the child's interaction with the son of the father's girlfriend—and concluded that the father had not been neglectful in his supervision of the children. Furthermore, the record supports Family Court's conclusion that the father followed the CPS recommendations concerning the incident.

In our view, the record supports the conclusion that the mother has considerable hostility towards the father and has used the child protective apparatus inappropriately. Under all the circumstances, and according due deference to Family Court, we find that the order of sole legal custody of the child to the father has a sound and substantial basis in the record.

Finally, we are unpersuaded that the remaining arguments raised by the mother would warrant a change in Family Court's determination.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.