■ In the Matter of DONNA YOUNG, Respondent, v CHRISTO-PHER L. COLLINS, Appellant. (And Another Related Proceeding.) [830 NYS2d 611]—

---

Lahtinen, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered May 18, 2006, which partially granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' children.

The parties lived together for seven years and, during that time, three children were born, a son in 2001 and twins (a son and a daughter) in 2002. Their relationship deteriorated and, in February 2005, respondent (hereinafter the father) directed petitioner (hereinafter the mother) to leave the residence, which was owned by the father and his brother. Thereafter, the parties had an informal custody arrangement fashioned around their employment schedules, resulting in the father having custody from Sunday at 8:00 A.M. to Thursday at 2:00 P.M., and the mother having the children the rest of the week. The mother eventually requested additional time with the children and the father's refusal prompted her to file a custody petition in October 2005. The father cross-petitioned for custody. Following a hearing, Family Court awarded joint legal custody and nearly equal time of physical custody, with the father having physical custody from Sunday at 8:00 A.M. to Wednesday at 6:00 P.M., and the mother having physical custody the remainder of the week. The father appeals.

The father initially asserts that he should have been granted primary physical custody of the children. The foremost concern in a custody proceeding is the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]). The many factors weighed in attempting to discern the best interests include, among others, "the needs of the child, the ability of the competing parents to address those needs, the respective home environments and the stability of that environment, the fitness of each parent, the effect of a grant of custody on the noncustodial parent and the recommendation of any Law Guardian" (*Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]). An informal custody arrangement may also be a relevant element in the overall analysis (*see Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]).

Here, the informal arrangement was of short duration (about eight months from the time of the separation to the filing of the mother's petition) and there was no evidence that the relatively small change in custody time ordered by Family Court will negatively impact the stability of the children's lives. The Law Guardian favored the minor modification in custody that was ultimately adopted by Family Court. In its decision, Family Court observed that the mother was the primary caretaker when the children were infants, neither parent had alleged the other was unfit, and the parties had the children in preschool and agreed on where they should commence their public school education. The mother had recently moved to a location closer to the father's residence and she was attempting to modify her work schedule to be more conducive to the children's schedules. Likewise, the father was seeking employment better suited to affording more time for parenting. Family Court concluded that the best interests of the children would be served by affording each parent open and equal time with the children, and the court crafted its order accordingly. The court's findings are adequately supported by the evidence presented and, upon review of the record, we are unpersuaded that it was error not to grant the father primary physical custody of the children (see Matter of Meier v Key-Meier, 36 AD3d 1001, 1003 [2007]; Matter of Bessette v Pelton, supra at 1087; Matter of Kemp v Kemp, 19 AD3d 748, 750 [2005], lv denied 5 NY3d 707 [2005]).

We do agree with the father's argument, however, that in fashioning relatively equal time he should not have been excluded from any overnight custodial time on Christmas Eve into Christmas. While he had to work one Christmas Eve, there is no indication that he is always required to work at such time or that he cannot change his work schedule when he has custody of the children. Accordingly, paragraph 7 (c) is removed and replaced, as follows: The father shall have custody from 4:00 P.M. on Christmas Eve to 10:00 A.M. on Christmas in even numbered years, and the mother shall have the same time during odd numbered years.

Finally, the contention that the mother improperly submitted proof regarding allegations not contained in her petition was not properly preserved for review by a timely objection at the hearing and, in any event, is without merit.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as denied respondent any overnight custody during Christmas Eve to Christmas; respondent awarded such custody on alternate years as set forth in this Court's decision; and, as so modified, affirmed.