■ In the Matter of MARK L. VANDUSEN, Respondent, v SHERRY M. VANDUSEN, Appellant. (And Two Other Related Proceedings.) [833 NYS2d 698]—

Kane, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered January 31, 2006, which, inter alia, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the parents of two daughters (born in 1994 and 1997). The parties are married, but respondent left the marital residence with the children. In May 2005, the parties consented to an order of protection against petitioner without any findings or admissions and, in June 2005, they consented to an order of joint legal custody with primary physical custody to respondent. Two months later, petitioner filed a petition seeking sole custody. Respondent then filed petitions alleging that petitioner violated the custody order and order of protection. Following a hearing on all three petitions, as well as a *Lincoln* hearing, Family Court granted petitioner's request for sole legal and physical custody of the children and dismissed respondent's violation petitions. Respondent appeals.

Family Court did not err in awarding custody to petitioner. While the prior custody order was fairly new, a custody arrangement based on the parties' agreement, as opposed to an order rendered by the court after a full hearing, is given less weight and is only one factor to consider (*see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]; *Matter of Ciannamea v McCoy*, 306 AD2d 647, 648 [2003]). Petitioner testified that he did not have a phone and would only speak to respondent if a third party was present because he feared that respondent would falsely accuse him of inappropriate contact. Respondent's violation petitions in fact accused petitioner of harassing her over the phone. Both parties acknowledged their inability to communicate in any meaningful or effective manner regarding the children, demonstrating a change in circumstances such that joint custody was no longer a workable option and requiring a modification of the custody arrangement to insure the children's best interests (*see Matter of Pecore v Pecore*, 34 AD3d 1100, 1101 [2006]; *Matter of Eck v Eck, supra* at 1083).

The family had a strong religious background and continued religious involvement was important to the children. Both

parents acknowledged that the children enjoyed their religious meetings and interactions, and learned desirable lessons from their religion. Petitioner continued to participate in religious services and activities but, due to her lifestyle choices, respondent was not permitted to attend these activities (*see Aldous v Aldous*, 99 AD2d 197, 199 [1984], *appeal dismissed* 63 NY2d 674 [1984], *cert denied* 469 US 1109 [1985]). Although petitioner lived in an apartment, he planned to move to a bigger home if he gained physical custody and could live at his mother's house until that time. Respondent moved into her paramour's house, where the girls shared a bedroom that had no door for over two months. A door was only placed on the room a few days before the end of the hearing, even though the paramour's teenaged son stayed at the house every other weekend. Respondent's new home was described as dirty, cluttered and the yard was filled with junked automobiles. There was evidence that respondent and her paramour cursed in front of and at the children, drank alcohol in front of them, used corporal punishment and made the children uncomfortable through their intimate sexual relationship, which clearly contradicted the family's religious principles. Respondent's lifestyle choices placed her desires above the children's emotional well-being and were a source of confusion, insecurity and instability for the children (*see Matter of Borggreen v Borggreen*, 13 AD3d 756, 758 [2004]; *Matter of Hudson v Hudson*, 279 AD2d 659, 660 [2001]). Respondent also failed to keep petitioner apprised of information regarding the children, although there was some evidence that petitioner did not do all he could to keep himself informed. Petitioner continued an amicable relationship with the children's maternal relatives and agreed to foster their contact with extended family on both sides. Based on the evidence before it, Family Court properly determined that the children's best interests would be furthered by granting petitioner sole custody (*see Matter of Eck v Eck, supra* at 1083; *Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]).

Contrary to respondent's contention that Family Court erred in failing to liberally construe her pro se violation petitions, the court did not dismiss the petitions due to inartful pleading but rather dismissed them on the merits after a full hearing (*compare Matter of Critzer v Mann*, 17 AD3d 735, 736 [2005]). The court appropriately determined, after weighing the parties' testimony and credibility, that respondent failed to prove that petitioner ever threatened or intimidated her in violation of either order.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.