In the Matter of MICHELLE C. HISSAM, Appellant, v MATTHEW P. MACKIN, Also Known as MATTHEW P. MANCINI, Respondent. (And Another Related Proceeding.) [837 NYS2d 756]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered November 17, 2005, which, inter alia, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the parents of a son (born in 1998). They separated in 1999 and divorced in 2002 in Pennsylvania, where they both resided. Custody was not addressed in the divorce as the parties dealt with that issue on an informal basis. The child lived primarily with petitioner (hereinafter the mother), and respondent (hereinafter the father) received regular parenting time. In the summer of 2003, the mother moved with her new husband from Pennsylvania to St. Lawrence County. The father stated that he was not informed of this move until after the fact and that he retained an attorney in Pennsylvania in an effort to have the child returned to that state, but the proceeding was reportedly withdrawn because of a jurisdictional problem.

After the mother moved, the father exercised visitation with the child every other weekend. In the summer of 2004, the child

resided primarily with the father and had regular visits with the mother. As school approached, the father informed the mother that he planned to keep custody and enroll the child in school in Pennsylvania. He stated that this action was prompted by several concerns including behavior problems of the child, the child's statement that the mother's husband mistreated him and the child being upset about returning to New York.

The mother commenced a proceeding seeking custody and she obtained a temporary order that resulted in the child returning to her home in October 2004. The father cross-petitioned for custody and, eventually, a hearing was conducted. In a detailed written decision discussing numerous factors, Family Court determined that the father should have legal and physical custody, with the mother receiving liberal parenting time. The mother appeals.

The mother argues that Family Court erred in awarding custody to the father. We are unpersuaded. The paramount concern is the best interests of the child, which turns upon the totality of the circumstances and implicates many factors (*see Matter of Fullam v Fullam*, 39 AD3d 897, 897 [2007]; *Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Where, as here, the existing custody arrangement resulted from an informal agreement of the parties, that agreement is "simply a factor relevant to the ultimate determination" (*Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]; *see Matter of Wiedenkeller v Hall*, 37 AD3d 1033, 1034 [2007]; *Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]; *Matter of Anson v Anson*, 20 AD3d 603, 603-604 [2005], *lv denied* 5 NY3d 711 [2005]). A nonexhaustive list of some of the many other factors "weighed in making [the best interests] determination are 'the quality of the parents' respective home environments, the length of time of the existing custody arrangement, the parents' past performance and relative fitness, their ability to guide and provide for the child's intellectual and emotional development, the needs of the child, the child's wishes, as well as any possible manipulation of those wishes, and the need for stability in the child's life' " (*Matter of Reichenberger v Skalski*, 24 AD3d 1101, 1102 [2005], quoting *Matter of Grayson v Fenton*, 13 AD3d 914, 915 [2004]). Although our authority is as broad as Family Court, we accord deference to that court's factual findings because of its opportunity to assess witness credibility, and those findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Eck v Eck, supra* at 1083; *see also Matter of Hildenbrand v Hildenbrand*, 37 AD3d 981, 982 [2007]).

Here, Family Court found the mother not to be a credible witness. The court further concluded that the mother had engaged in conduct designed to alienate the child from the father and noted that she had been found by a court in Pennsylvania to have previously engaged in similar conduct with a child from an earlier marriage. The mother's move to St. Lawrence County, a distance of some 400 miles from the father, was characterized by the court as "sneaky" and made without good cause. Family Court determined that the mother's current husband engaged in inappropriate conduct toward the child. Furthermore, Family Court observed a "special concern" about the child's emotional needs that the father was more willing to address in a constructive fashion. Family Court discussed the fact that the child had spent the majority of his time with the mother under the informal arrangement and that the change in custody would be difficult. Nevertheless, the court also noted the father's active involvement in the child's life and, upon weighing the relevant factors, concluded that custody with the father was in the child's best interests. There is a sound and substantial basis in the record supporting Family Court's findings and determination.

Next, the mother contends that she did not receive the effective assistance of counsel. The record reveals that she received meaningful representation and the omissions about which she complains reflect legitimate trial strategy and, in any event, the purported effect of such omissions is wholly speculative (*see Matter of Kemp v Kemp*, 19 AD3d 748, 751 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.