■ In the Matter of KRISTIAN M. SANDERS, Respondent, v DAPHNE SLATER, Respondent, and FREDERICK S. BURDICK III, Appellant. (And Two Other Related Proceedings.) [861 NYS2d 461]—

Cardona, P.J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 12, 2007, which granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, for modification of a prior custody order.

Petitioner (hereinafter the mother), respondent Frederick S.

Burdick III (hereinafter the father) and respondent Daphne Slater (hereinafter the grandmother) each petitioned to modify an existing stipulation and order which awarded them joint legal custody of the child (born in 2004), with "physical placement" with the grandmother. Following a hearing, Family Court awarded sole legal custody to the mother conditioned upon her continued residence with the grandmother, and awarded visitation to the father. He now appeals.*

The record supports Family Court's conclusion that the deterioration in the parties' relationship constitutes a change in circumstances reflecting a need for a change in the custodial arrangement (*see Matter of VanDusen v VanDusen*, 39 AD3d 893, 894 [2007]; *Matter of Pecore v Pecore*, 34 AD3d 1100, 1101 [2006]). While the father concedes that joint custody is no longer viable, he contends that the child's interests would best be served by awarding sole physical custody to him.

"Given Family Court's opportunity to evaluate the credibility of the parties and witnesses, we accord great deference to that court's custodial determination unless it lacks a sound and substantial basis in the record" (*Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008] [citations omitted]; *see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Here, the record indicates that the father lives with his girlfriend and their two children in a two-bedroom apartment. There was testimony that he has no telephone or consistent transportation. According to the testimony of clinical psychologist Linda Mack, who examined all the parties and the child, the father has difficulty managing his daily life and the lives of his children, maintaining steady employment and managing the medical needs of the parties' child herein. The court also heard testimony that the child's recurring lice problem originated in the father's household and was not resolved until visitation with the father was suspended. Finally, Mack opined that if the father were awarded custody of the child he would not foster visitation with the mother.

On the other hand, evidence was presented indicating that the mother is working on her job and life skills through the Even Start program, is successfully managing her psychological condition, has stabilized her living situation by residing with the grandmother, and has demonstrated appropriate parenting skills while living with the grandmother. Indeed, Mack opined

---

* The grandmother's contention that she should have been granted joint custody with the mother is not properly before this Court inasmuch as she has not appealed from Family Court's order (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]).

that the child would best be served by remaining in the grandmother's home, with custody awarded to the mother or jointly to the mother and grandmother. Evidence was also presented that the mother is managing the child's medical needs and is willing to foster a relationship between the father and the child. Under all of these circumstances, and giving due deference to Family Court, we conclude that the custody award is supported by a sound and substantial basis in the record and we decline to disturb it.

The father's remaining contentions, including his claim that by conditioning the mother's custody award upon her continued residence with the grandmother Family Court effectively awarded joint custody to the grandmother, have been examined and found to be unpersuasive.

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.