■ In the Matter of LESLIE K. ECK, Appellant, v KENNETH R. ECK JR., Respondent. [870 NYS2d 545]—

Cardona, P.J.

The underlying facts of this matter are more fully set forth in two prior decisions of this Court (*Matter of Eck v Eck*, 57 AD3d 1243 [2008] [decided herewith]; *Matter of Eck v Eck*, 33 AD3d 1082 [2006]). Pursuant to an October 2006 order, also currently the subject of an appeal before this Court (*Matter of Eck v Eck*, *supra* [decided herewith]), Family Court, among other things, reduced visitation that petitioner (hereinafter the mother) had with the parties' son and directed her, as a prerequisite to any future expansion of visitation, to undergo a mental health evaluation and follow the recommended course of treatment. Thereafter, in January 2007, the mother filed a modification proceeding seeking increased visitation based primarily on her purported completion of the recommended counseling.

Following both *Lincoln* and fact-finding hearings, Family

Court, among other things, found that the counseling the mother received did not, as expressed in its prior order, focus on the emotional harm that she caused her son by her persistent filing of numerous Family Court petitions and unfounded child abuse reports. Accordingly, the court concluded that there was insufficient evidence to find that it would be in the child's best interests to expand visitation.[1] The mother now appeals.[2]

The mother contends that Family Court erred in denying her request for increased visitation, claiming that the counseling she completed established a sufficient change in circumstances warranting her requested relief. We disagree. The court's order made clear that the basis for requiring counseling prior to an increase in visitation was due to her lack of appreciation regarding the detrimental effect her conduct was having on the child. However, Barbara Sue Agoglia, a licensed clinical social worker with whom the mother sought counseling, testified that only approximately 10% of the counseling sessions with the mother were spent on that issue, and the counseling primarily focused on the mother's depression and overall concern for her son's safety. Significantly, when asked by the court, Agoglia acknowledged that during the course of treatment, the mother did not express an understanding of the emotional harm caused her son by filing unsubstantiated reports with child protective services agencies. In addition, the mother, when asked whether she foresaw any point in the near future when she would refrain from filing additional Family Court petitions, replied in the affirmative, only when she felt "comfortable that [the child] is safe and that he's getting the appropriate needs addressed." Furthermore, testimony in the record demonstrates that the mother persists in her attempts to manipulate third parties into supporting baseless claims against the father pertaining to the child's behavior and psychological needs.

In our view, the record supports the conclusion that, despite the counseling received, the mother continues to lack insight into the emotional harm she is inflicting upon her son by her persistent unfounded child abuse reports and Family Court peti-

1. Due to the mother's work schedule prohibiting her from exercising her visitation with the child on Wednesday evening before 5:00 P.M., Family Court did amend the prior order to effectuate the previous grant of visitation by changing petitioner's Wednesday visitation to 6:00 P.M. until 8:00 P.M.

2. Although the mother also appeals from the dismissal of an order to show cause filed in March 2007 seeking the same relief sought by the instant petition, having raised no issues in her brief with respect thereto, that appeal is deemed abandoned (see Matter of Schermerhorn v Breen, 8 AD3d 709, 710 n [2004]).

tions. Under these circumstances, and giving deference to Family Court's factual and credibility determinations (*see Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]; *Matter of Sanders v Slater*, 53 AD3d 716, 717 [2008]), we find that a sound and substantial basis in the record exists for Family Court's decision (*see Matter of Passero v Giordano*, 53 AD3d at 803; *Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]).

Carpinello, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the orders are affirmed, without costs.