In the Matter of ELIZABETH HH., Respondent, v RICHARD II., Appellant. (And Two Other Related Proceedings.) [904 NYS2d 550]—Mercure, J.P. Appeal from an order of the Family Court of Chemung County (Brockway, J.), entered January 26, 2009, which, among other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the parents of a daughter born in 2007. After petitioner (hereinafter the mother) left the parties' residence with the child in 2008, she filed a custody petition and obtained temporary custody of the child. Respondent (hereinafter the father) cross-petitioned for custody of the child, and later filed a petition alleging that the mother had violated a temporary order of visitation. Following a combined hearing on the custody and violation petitions, Family Court granted the mother sole custody of the child, with the father to have specified visitation, and denied the father's violation petition. The father appeals and we now affirm.

The sole argument of the father upon appeal is that he was denied the effective assistance of counsel, a claim that requires him to demonstrate that he was deprived of reasonably competent and, thus, meaningful representation (*see Matter of Hurlburt v Behr*, 70 AD3d 1266, 1267 [2010]; *Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]). Counsel's alleged omissions, however, can be readily explained as legitimate trial tactics (*see Matter of Hissam v Mackin*, 41 AD3d 955, 957 [2007], *lv denied* 9 NY3d 809 [2007]; *Matter of Kemp v Kemp*, 19 AD3d 748, 751 [2005], *lv denied* 5 NY3d 707 [2005]). For example, counsel could have concluded that it would not benefit the father to dwell upon his denial of abusing the mother and, specifically, his belief that his routine slapping of the mother

was "playful."* Likewise, counsel appropriately cross-examined a psychologist who conducted independent examinations of both parties. In particular, we cannot fault counsel for declining to cross-examine the psychologist regarding the father's prior mental health treatment records. Those records indicate that the father dropped out of treatment and, in any event, the father refused to permit the psychologist to review the records while conducting his evaluation. Finally, the benefit of requesting a second psychological examination as urged by the father was wholly speculative (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1133-1134 [2010]). Given the totality of the circumstances presented herein, we conclude that the father received meaningful representation.

Malone Jr., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Family Court cited that belief as proof that the father's insight and judgment were poor.