■ In the Matter of JAMAL REID, Respondent, v KAMESHA RORIE, Appellant. [909 NYS2d 231]—

Stein, J. Appeal from an amended order of the Family Court of Albany County (Maney, J.), entered July 15, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order of custody.

The parties are the parents of a daughter (born in 2000). Petitioner (hereinafter the father) resides in the Capital District and respondent (hereinafter the mother) resides in Virginia. The parties share joint legal custody of the child with primary physical custody to the father and specified parenting time to the mother. They share the responsibility of transporting the child to and from Virginia for the mother's parenting time. When issues arose concerning the exchange of the child, the father commenced this proceeding by filing a petition alleging a violation of the existing custody order. The mother appeared in Family Court by telephone on two occasions, during which the parties, their attorneys and the attorney for the child discussed various proposals concerning transportation of the child to Virginia, but no agreement was reached. The matter was adjourned to attempt to resolve the parties' differences. On the adjourned date, at which the mother did not appear, the mother's attorney stated that she had been unable to speak with her. Nevertheless, Family Court entered an order on that date, modifying the previous order in certain respects pertaining to the transportation arrangements. After some discussion, the attorney for the child offered to circulate a proposed amended order, which she subsequently did on 10 days notice to the parties' attorneys. Upon hearing no objection,* the amended order, purportedly on stipulation, was entered on July 15, 2009. The mother now appeals from the amended order.

It is undisputed that the mother never consented to the July 15, 2009 amended custody order and all parties, together with the attorney for the child, agree that such order should be vacated and the matter remitted for an evidentiary hearing. The mother's only other contention on appeal—that she was deprived of the effective assistance of counsel—is, therefore, academic. In any event, the mother has failed to demonstrate that she was deprived of meaningful representation (see Matter of Elizabeth HH. v Richard II., 75 AD3d 670, 670-671 [2010]). Our

---

* We note that there is no evidence in the record that the mother ever received a copy of the proposed amended order.

review of the record reveals that the mother's counsel made repeated attempts to contact her client and the mother failed to keep her attorney apprised of where she could be contacted. Furthermore, the mother's attorney made appropriate objections, requested and obtained adjournments for additional time for the mother to consider the proposals and clearly stated when she did not have authority to act on behalf of her client. Indeed, counsel even filed the notice of appeal.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the order entered April 15, 2009 shall remain in full force and effect.