# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**492**

**CAF 12-00306**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF JENNIFER S. DAVIS,
PETITIONER-RESPONDENT,

V                                         MEMORANDUM AND ORDER

ROBERT P. DRIGGS, III, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

OAK ORCHARD LEGAL SERVICES A DIVISION OF NEIGHBORHOOD LEGAL SERVICES,
INC., BATAVIA (JOHN M. ZONITCH OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 7, 2012 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, confirmed the determination of the Support Magistrate that respondent willfully failed to obey a court order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order confirming the determination of the Support Magistrate that he willfully disobeyed an order to pay child support. We agree with Family Court that the father failed to present "some competent, credible evidence of his inability to make the required payments" and thus failed to rebut the presumption of a willful violation (*Matter of Powers v Powers*, 86 NY2d 63, 70). We reject the father's contention that he was deprived of effective assistance of counsel based on his attorney's failure to present evidence in admissible form rebutting the presumption. Viewed in its totality, the representation received by the father was meaningful, and we note that he did not suffer any actual prejudice as a result of the claimed deficiency (*see Matter of Kemp v Kemp*, 19 AD3d 748, 751, *lv denied* 5 NY3d 707). Although the father's attorney had difficulty before the Support Magistrate in introducing admissible evidence regarding the father's alleged disability and, indeed, none of the medical records introduced by the father's attorney was admitted in evidence by the Support Magistrate, the record establishes that the court itself considered those documents and admitted them in evidence during its consideration of the penalty to be imposed.

Entered: May 3, 2013                          Frances E. Cafarell
                                              Clerk of the Court