# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 22, 2015                    520013
_____

In the Matter of DANIEL
    LEONARD,
                    Respondent,

        v

TERESA LEONARD,
                    Appellant.

(Proceeding No. 1.)

_____    MEMORANDUM AND ORDER

In the Matter of TERESA
    LEONARD,
                    Appellant,

        v

DANIEL LEONARD,
                    Respondent.

(Proceeding No. 2.)

(And Three Other Related Proceedings.)
_____


Calendar Date:   September 10, 2015

Before:   Lahtinen, J.P., Garry, Lynch and Devine, JJ.

                        _____


        Frank A. Sarat, Homer, for appellant.

        Lawrence P. Brown, Bridgeport, for respondent.

Heather M. Denby, Sherrill, attorney for the children.

_____

Devine, J.

Appeal from an order of the Family Court of Madison County (McDermott, J.), entered October 23, 2014, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Daniel Leonard (hereinafter the father) and Teresa Leonard (hereinafter the mother) have two children in common (born in 2000 and 2004). A 2013 order granted joint custody and primary placement with the father and provided for visitation with the mother as the parties agreed. A flurry of litigation followed a year later, including applications by the father and the mother to modify the visitation provisions of the 2013 order. Following a trial and Lincoln hearing, Family Court modified the terms of visitation by imposing certain restrictions upon the mother's visitation, including that her paramour not be in the area when the children are visiting. Subject to those restrictions, Family Court awarded the mother visitation for one day every fourth weekend, as well as any additional agreed-upon visitation. The mother now appeals, accepting the restrictions upon her visits with the children, but arguing that the amount of specified visitation should be increased.

We disagree and affirm. The genesis of these proceedings occurred in April 2014, when the mother became embroiled in a verbal altercation with the father at his residence. Family Court credited testimony that, during the argument, the mother's paramour intervened and threatened the father with a box cutter, prompting the mother to laugh and tell the father that he was "going to get what is coming to" him.[1] The children observed the

_____

[1] The father testified that he summoned the police, who took no action aside from confiscating the box cutter and

incident and came to fear both the paramour and visiting the mother. Their reluctance to visit the mother was only heightened when she repeatedly disregarded the terms of a temporary order, issued by Family Court during the pendency of these proceedings, directing that the paramour not be present during visitation.

The parties do not dispute, nor do we, that the foregoing constituted a change in circumstances to warrant considering whether the existing visitation arrangement should be modified in the best interests of the children (see Matter of Sparbanie v Redder, 130 AD3d 1172, 1172 [2015]; Matter of Patrick EE. v Brenda DD., 129 AD3d 1235, 1236 [2015], lv denied ___ NY3d ___ [Oct. 15, 2015]). Family Court thereafter conducted the requisite best interests analysis and aptly noted that the appropriate course was to initially require limited visitation in an effort to "slowly [and] deliberately" repair damage to the relationship between the mother and the children. Family Court further encouraged the mother to focus more on the children when they were visiting, as well as efforts to obtain counseling for the children, and expressed its "expect[ation] that as the relationship between the mother and the children improves, the visitation will expand." We share that expectation and, after according due deference to the credibility assessments made by Family Court, are satisfied that a sound and substantial basis supports its determination that a somewhat constrained schedule of visitation is presently in the best interests of the children (see Matter of Leonard v Pasternack-Walton, 80 AD3d 1081, 1081-1082 [2011]; Matter of Eck v Eck, 57 AD3d 1251, 1252-1253 [2008]).

Lahtinen, J.P., Garry and Lynch, JJ., concur.

---

ensuring that the paramour and the mother departed. The father initially declined to press charges against the paramour, but later did so at the urging of the children.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court