Matter of Ramon U. v Nicia V. (2018 NY Slip Op 04400)





Matter of Ramon U. v Nicia V.


2018 NY Slip Op 04400


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

522923

[*1]In the Matter of RAMON U., Petitioner,
v
NICIA ., Appellant. (And Two Other Related Proceedings).

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Monique B. McBride, Albany, for appellant.
Carol R. Stiglmeier, Albany, attorney for the child.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Albany County (Kushner, J.), entered November 4, 2015, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for joint custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2012). Prior to the child's birth, the parties ended their romantic relationship and had sporadic communication with each other. The parties thereafter combined to file over 30 petitions seeking various forms of relief. As relevant here, the father filed four petitions for custody and visitation and numerous violation petitions alleging that the mother failed to exchange
the child for his parenting time. Meanwhile, the mother filed a family offense petition and a petition alleging a violation of an order of protection. After consolidating the petitions into three petitions, Family Court, in a November 2015 order, awarded joint legal custody of the child to the parties with the mother having final decision-making authority, primary physical custody of the child to the mother and unsupervised custodial access to the father at designated times, among other things. Family Court also dismissed the mother's family offense petition and her petition alleging a violation of an order of protection. The mother now appeals.
As an initial matter, this Court has been advised that subsequent to the November 2015 order, the father filed a petition to modify such order, which resulted in a January 2017 order. This January 2017 order noted that the custody and visitation terms therein stemmed from an [*2]agreement of the parties in satisfaction of the father's modification petition and that the November 2015 order was being vacated. Based on the foregoing, the mother's challenge to the custody and visitation terms of the November 2015 order is now moot (see Matter of Attorney for the Child v Cole, 140 AD3d 1335, 1336 [2016]; Matter of Mace v Miller, 93 AD3d 1086, 1086 [2012]; Matter of Yishak v Ashera, 68 AD3d 1282, 1284 [2009]). The mother's contention that the exchanges of the child should take place at a public location is likewise moot in view of the provision in the January 2017 order directing that the parties shall exchange the child at a public store.
The mother also contends that Family Court erred by failing to grant an order of protection. Although this claim is not rendered moot by the January 2017 order, we disagree (see Matter of Lewis v Robinson, 41 AD3d 996, 997 [2007]). The mother's family offense petition stemmed from an argument between the parties that developed at the hospital while they were putting socks and shoes on the child. The record evidence, however, does not reveal any aggravating circumstances as provided in Family Ct Act § 827 (a) (vii) or conduct by the father in violating a valid order of protection (see Family Ct Act § 842). Accordingly, Family Court's dismissal of the mother's family offense petition was proper (see Matter of Anthony J. v David K., 70 AD3d 1220, 1221 [2010]; Matter of Mauzy v Mauzy, 40 AD3d 1147, 1148 [2007]). Finally, Family Court also properly dismissed the mother's violation petition inasmuch as the record evidence does not support the mother's contention that the father violated a prior temporary order of protection (see Matter of VanDusen v VanDusen, 39 AD3d 893, 895 [2007]).
Garry, P.J., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.