OPINION OF THE COURT
Suzanne Melendez, J.
The issue presented is whether a harassing and threatening message generated by means of a computer interactive network is prohibited by Penal Law § 240.30 (1) which provides:
*904 “A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm”.
The defendant allegedly posted a message on a computer Internet newsgroup which stated: “Please kill Police Lt. Steven Biegel, all other NYPD cops, and all of their adult relatives and friends”. Police Officer Biegel allegedly read this message, and it caused him to fear for his personal safety and to become alarmed.
The defendant moved pursuant to CPL 170.30 and 170.35 for an order dismissing the charge of aggravated harassment in the second degree. Since there is no specific provision in the Penal Law which bans harassment via the Internet, the novel issue raised in this motion is whether a harassing and threatening message posted on an Internet newsgroup is a type of communication prohibited by Penal Law § 240.30 (1). The court finds that such a communication is encompassed by section 240.30 and denies the defendant’s motion to dismiss.
Penal Law § 240.30 (1) was amended in 1969 to prohibit communications “initiated by mechanical or electronic means or otherwise”. Prior to this amendment, the statute had been limited to prohibit annoying telephone calls, telegram messages or mail. As explained in Donnino’s Practice Commentaries, this amendment was directed to include electronic devices (such as answering machines) which were attachable to telephones, and could generate annoying communications (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 252).
In further explaining the amendment made to the law in 1969, the Court of Appeals, in People v Viau (50 NY2d 1052), emphasized that the statute was meant to prohibit communications initiated by means of telephone or telegraph, mail, or other forms of written communication. Based on this analysis, the Court found that communications over a citizen’s band radio were not covered by the statute. In a separate opinion concurring in result, in which Judge Wachtler concurred, Chief Judge Cooke, although disagreeing with the majority’s analysis, concluded that the oral transmission sent over a citizen’s band radio was neither heard by or directly aired at the *905 complainant. The orally transmitted communication was constitutionally protected speech.
Therefore, to find that a communication made by means of the Internet to be one encompassed by the statute, two criteria must be met. The communication must be one initiated by electronic or mechanical means attachable to telephones or be a written form of communication. Secondly, the communication must have been one directed at the complainant. The message in the instant case allegedly posted on an Internet newsgroup meets both these criteria.
The Internet provides a diverse means of communication including electronic mail, the World Wide Web, and newsgroups. The defendant allegedly posted his message on a “newsgroup” which is similar to a bulletin board message. It is a form of Internet message posted daily and read by a group of regular participants, but open to be read by anyone with a computer and “on line” capabilities (see generally, Reno v American Civil Liberties Union, 521 US 844 [1997]). A “newsgroup” message generated by means of a computer over the Internet is one that requires the use of a mechanical or electronic device, namely a computer. The message must be initiated by means of a telephonic communication with the network community. The communication is then written across a computer screen, and capable of being printed. Thus, the message was initiated by electronic or mechanical means as stated in the statute and is also one that generates a written communication.
Furthermore, the message was one directed at the complainant. The defendant’s alleged posting of his message on an Internet “newsgroup” with the complainant’s name included then transformed the communication to one not only intended for the general public, but specially generated to be communicated to the complainant. Indeed in this case, the complainant himself read the message on the computer screen, and became annoyed and alarmed.
I find, therefore, that the allegations are sufficient to establish the elements of the charge of aggravated harassment in the second degree and that Penal Law § 240.30 (1) may be construed to prohibit harassing and threatening messages sent to individuals over the Internet. This is true even though the law was originally written in 1965 and then revised in 1969, before Internet communication was envisioned. The present *906 language of the statute is broad enough as it stands to prohibit this type of computer-generated harassing communication.
[Portions of opinion omitted for purposes of publication.]