■ In the Matter of KATHLEEN M.L. SMITH, Respondent, v ALAN B. SMITH, Appellant. [804 NYS2d 854]—

Mugglin, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered October 15, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

While living together, petitioner and respondent maintained three e-mail accounts, one jointly and two additional Web-based accounts in petitioner's name, one at Yahoo and one at Hotmail. The password for each account was "pumpkin" and petitioner

testified that only she and respondent knew the password. The parties separated June 26, 2002. In early December 2003, she discovered that she could no longer access her e-mail accounts and she established three new addresses, which she did not give to respondent nor did she communicate with him from these addresses.

In January 2004, petitioner commenced this family offense proceeding against respondent alleging that he had committed acts constituting, among other things, aggravated harassment in the second degree by sending threatening e-mail messages to her. At the fact-finding hearing, petitioner testified, when asked, that she did not know how he obtained the e-mail addresses. Three printouts of e-mails were admitted in evidence. The first indicates that it came from petitioner's former Yahoo account and was sent to all three of her new e-mail addresses. The second originated from a previously unidentified address and was sent to all three of her new addresses. The third was routed through her sister in Virginia and only indicates that the original message came from "Kathleen Smith." No further address is provided.

In an attempt to establish motive for respondent to send these messages, petitioner testified that a separation agreement was signed in September 2003 and that when these messages were sent in January 2004, a summons in the divorce action had been delivered to the Sheriff's office and two unsuccessful attempts at service had been made. There is no indication in the record that respondent knew that petitioner had instituted the divorce action. Family Court granted petitioner's application and issued an order of protection for petitioner's benefit, and respondent appeals.

We reverse. Aggravated harassment in the second degree may be committed by sending harassing or threatening messages by e-mail (*see People v Munn*, 179 Misc 2d 903, 905 [1999]). In a family offense proceeding, petitioner need only establish that respondent committed this crime by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of De La Cruz v Colon*, 16 AD3d 496, 496 [2005]; *Matter of Kappel v Kappel*, 234 AD2d 872, 873 [1996]). Here, petitioner's proof is deficient. Even assuming that respondent could access her former Yahoo account to send the first message, this record contains no evidence that links respondent to the other two messages or which establishes that he knew the addresses to which these e-mail messages were sent.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.