In the Matter of CHRISTI-ANN CICCONE, Appellant, v DALE GRASSI, Respondent. (And Two Other Related Proceedings.) [817 NYS2d 788]—

Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered February 15, 2005, which, inter alia, partially granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties to these proceedings were divorced and are the parents of two sons (born in 1991 and 1994). In June 1998, the parties were granted joint legal custody with primary physical custody of both children to respondent (hereinafter the father) and visitation to petitioner (hereinafter the mother). In February 1999, Family Court modified the order by granting sole legal custody to the father. In May 2004, the parties entered into a voluntary agreement, incorporated into a Family Court order, which provided, among other things, for joint legal and shared physical custody of both children, and that either party may petition Family Court for a modification of the order without having to prove a change in circumstances.

Prior to entry of the May 2004 order, the mother commenced a modification proceeding by order to show cause asserting, in relevant part, that in June 2004 the father punched and assaulted the parties' eldest son and struck him in the back of the head with a plastic BB gun. The father filed a cross petition for modification of custody and a violation petition. After a hearing, Family Court granted, in relevant part, joint legal custody of

both children with primary physical custody of the eldest child to the mother, shared physical custody of the youngest child and regular contact between the father and the eldest child as the parties and the child may agree. The mother now appeals, challenging Family Court's awards of joint legal custody and shared physical custody.

An existing custody order will only be modified upon "a showing of sufficient change in circumstances, demonstrating a definite need for such modification to ensure the continued best interests of the child" (*Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]; *see Matter of Ruller v Berry*, 19 AD3d 814, 815-816 [2005], *lv denied* 6 NY3d 705 [2006]; *Redder v Redder*, 17 AD3d 10, 12-13 [2005]). Upon review, we conclude that Family Court's determination to modify custody has a sound and substantial basis in the record. At the hearing, the June 2004 incident was amply explored. The father testified that an altercation occurred between the children, culminating in the eldest child discharging a BB gun at his brother. The father admitted that he became angry, slapped his eldest son on the rear end multiple times and caused the BB gun to strike his son's head, which resulted in a gash requiring seven stitches. The father also admitted that he convinced the children to lie about the incident to hospital personnel. Following an investigation, Child Protective Services concluded that there was credible evidence that the father inflicted injury to his son's head using the butt end of the gun handle, and Family Court spoke with the children about the incident prior to the hearing. Thus, assuming the mother needed to establish a change in circumstances, the foregoing proof is sufficient to satisfy her burden (*see Matter of Murray v McLean*, 304 AD2d 899, 900 [2003]; *compare Matter of Studenroth v Phillips*, 230 AD2d 247, 249-250 [1997]).

In addition, significant testimony was elicited at the hearing concerning the children's best interests, including witnesses who observed a strained relationship between the father and the eldest child following the June 2004 incident. The eldest son, age 13 at the time of the hearing, expressed a desire not to see his father in an unsupervised setting. Notably, the father completed anger management and parenting courses, and engaged in personal counseling. Ample testimony was offered that the father provided admirable care for the children during his estimated six years as primary physical and sole legal custodian, including testimony from the youngest child's teacher and the children's principal attesting to the father's high degree of involvement in their academic and extracurricular lives, as

well as the children's positive academic performances. In contrast, the record reveals that the mother's involvement in these aspects of the children's lives was sporadic. Also, the father's relationship with the youngest child remained strong following the June 2004 incident, the child requested a true shared physical custody arrangement, and the child's Law Guardian so advocated. There is also a sound basis in the record to support Family Court's decision to continue the parties' joint legal custody arrangement with respect to both children and shared physical custody of the youngest child.

Finally, as to the contact between the father and the eldest child, we note that Family Court remains available to address such visitation matters. We encourage the parties to overcome any differences and make a genuine effort to establish or reestablish meaningful contact between the father and the eldest child, who is now 15 years of age, if this has not already been accomplished.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.