In the Matter of REGAN HORIKE, Respondent, v MARK FREEDMAN, Appellant. [830 NYS2d 602]—

Mercure, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered October 21, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of two children, Benjamin (born in 1990) and Rachel (born in 1998). In February 2004, pursuant to the parties' agreement, Family Court issued an order granting petitioner legal and physical custody of the children, and visitation rights to respondent. Since that time, the parties have engaged in extensive motion practice, with petitioner seeking modification of the February 2004 order to restrict respondent's visitation rights and respondent alleging violations of the order. Following a fact-finding hearing, Family Court determined that respondent would have unlimited visitation with Benjamin, but placed restrictions on respondent's visitation with Rachel and the transportation of the children. The court also directed that

both parties may submit future petitions only by order to show cause "personally presented to the Court." Respondent appeals and we now reverse, in part, the restrictions placed on his visitation with Rachel and the transportation of the children by third parties.

An existing custody arrangement may be modified only "upon a showing that there has been a subsequent change of circumstances and modification is required" to ensure the best interests of the children (Family Ct Act § 467 [b] [ii]; *see Matter of Ciccone v Grassi*, 31 AD3d 921, 922 [2006]; *see also Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). "Relevant considerations include whether the alleged change implicates the 'fitness' of one of the parties, the nature and quality of the relationships between the child and the parties and the existence of a prior agreement" (*Matter of Wilson v McGlinchey, supra* at 381 [citations omitted]; *see Matter of Sloand v Sloand*, 30 AD3d 784, 785 [2006]).

Initially, we reject respondent's challenge to Family Court's determination that petitioner demonstrated a sufficient change in circumstances and that the children's best interests warrant modification of the parties' arrangement to prohibit overnight visitation with Rachel and respondent's transportation of the children in his car. Respondent was removed from his apartment and now lacks stable housing, rendering his current living arrangements unsatisfactory for overnight visitation with his young daughter. We note, in this regard, that Family Court indicated that respondent could petition the court to resume overnight contact with Rachel when he obtains more stable housing. With respect to transportation, respondent's driver's license was suspended due to his willful failure to provide support and Family Court found credible assertions that respondent drank beer while driving Rachel in his car. Under these circumstances, Family Court properly determined that the restriction on overnight visitation with Rachel and on respondent's transportation of the children himself—even if he should regain a valid driver's license—was in their best interests (*see Matter of Musgrove v Bloom*, 19 AD3d 819, 820 [2005]; *Matter of Tavernia v Bouvia*, 12 AD3d 960, 961-962 [2004]; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 831-832 [2004]; *cf. Matter of Le Clair v McDonald*, 26 AD3d 691, 691-692 [2006]).

We agree with respondent, however, that Family Court imposed an unduly burdensome requirement on him in directing that he supply the Law Guardian and petitioner's attorney with the name, date of birth, address and copy of a driver's license of any person who would transport the children at least

10 days in advance of such transportation. Beyond the requirement that respondent ensure that individuals transporting the children on his behalf have a valid driver's license, the directive that he supply petitioner and the Law Guardian with third parties' personal and confidential information is not justified by the evidence in the record and "simply interjects uncertainty and, potentially, manipulation into an already stressful situation" (*Matter of Leach v Santiago*, 20 AD3d 715, 717 [2005], *lv denied* 6 NY3d 702 [2005]).

We further agree with respondent that there is not a sound and substantial basis in the record for the reduction of his alternate weekend visitation with Rachel. Specifically, Family Court modified its prior order, under which respondent enjoyed one day of visitation per weekend alone with Rachel, to provide that respondent's visitation with Rachel is limited to the times that respondent is visiting with Benjamin and during religious holidays. This modification effectively eliminates respondent's weekend visitation with Rachel for most of each year because Benjamin attends a boarding school in another state and generally does not visit respondent on weekends during the school year. Inasmuch as there was no finding that visitation alone with Rachel is inappropriate or showing of a change in circumstances warranting the reduction of visitation with Rachel apart from the limitation on overnight visits discussed above, remittal to Family Court for the fashioning of an alternative visitation schedule, as well as alternative transportation arrangements, is required here (*see Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042-1043 [2006]; *Matter of Leach v Santiago, supra* at 717).

Respondent's remaining arguments do not require extended discussion. Under the circumstances of this case and based upon the record before us, we cannot say that Family Court erred in directing that all future petitions must be brought by order to show cause personally presented to the court (*see Matter of Pignataro v Davis*, 8 AD3d 487, 489 [2004]; *Sassower v Signorelli*, 99 AD2d 358, 359-360 [1984]; *cf. Matter of Schermerhorn v Quinette*, 28 AD3d 822, 823 [2006]). Finally, respondent's argument that petitioner willfully violated the prior custody order is unsupported by the record and, thus, his May 10, 2005 petition was properly dismissed.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as directed that respondent may visit with Rachel when he is visiting with Benjamin and that respondent provide to the Law Guardian and counsel for petitioner the

name, date of birth, address and copy of the driver's license of any party transporting the children on his behalf; matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.