■ In the Matter of IVAN GUTIY, Appellant, v LYUBOV GUTIY, Respondent. (And Another Related Proceeding.) [834 NYS2d 734]—

Lahtinen, J. Appeal from an order of the Family Court of Tioga County (Argetsinger, J.), entered April 10, 2006, which, inter alia, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties, parents of seven children, separated in 2003 and custody proceedings ensued as to the five unemancipated children. During the pendency of those proceedings, respondent (hereinafter the mother) moved to New Jersey with the five children to be near her extended family. Petitioner (hereinafter the father) conceded that the two oldest of the five (born in 1987 and 1988) should stay with the mother, but he sought custody of the three youngest (born in 1991, 1993 and 1996) (hereinafter collectively referred to as the children). In December 2003, Family Court granted the parties joint custody of the children, with the mother having physical placement upon the condition that she return to Tioga County or a county contiguous thereto. She did not leave New Jersey and, accordingly, placement remained with the father.

In 2005, the oldest of the three children refused to return to the father following his summer break with the mother and he enrolled in school in New Jersey that fall. This prompted the father to file a violation petition against the mother. She responded with a petition (subsequently amended in December 2005) seeking modification of the prior custody order. Following a hearing, including *Lincoln* hearings with each of the three children, Family Court rendered a detailed written decision in which it dismissed the father's violation petition and granted the mother's application for physical placement of the children with her. The father appeals.

The overriding concern when considering custody disputes, including those that involve relocation, is the best interests of the children (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). A party seeking to modify an existing custody order must set forth a "sufficient change in circumstances, demonstrating a definite need for such modification to ensure the continued best interests of the child[ren]" (*Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]; *see Matter of Ciccone v Grassi*, 31 AD3d 921, 922 [2006]), and there are numerous criteria that should be weighed in determining whether a change is warranted (*see e.g. Matter of Kemp v Kemp*, 19 AD3d 748, 750 [2005], *lv denied* 5 NY3d 707 [2005]; *Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]). Similarly, relocation cases ultimately turn on the particular facts of each case, with a host of factors relevant in the analysis (*see Matter of Tropea v Tropea, supra* at 740-741; *Matter of Smith v Hoover*, 24 AD3d 1096, 1096-1097 [2005]). Family Court's findings and determinations on these issues generally will not be disturbed on appeal if supported by a sound and substantial basis in the record (*see Matter of Kemp v Kemp, supra* at 750; *Matter of Rutz v Carinci*, 6 AD3d 992, 994 [2004]).

Here, Family Court's decision is fully supported by the record. There was credible evidence that the father repeatedly made disparaging comments about the mother in the children's presence and this had a detrimental effect on them. The mother, on the other hand, encouraged the children's relationship with the father. While not dispositive, it is readily apparent that the children desire to live with their mother and the Law Guardian advocated that they be placed with her. A network of other family members, including the emancipated siblings, live near the mother in New Jersey. The mother, although struggling to learn English, has been able to locate employment that has a schedule similar to the children's school day and she has a suitable home for the family. The father is unemployed and lives with his mother, who does most of the household chores. The father has used unduly severe discipline methods on the children. When the mother did not have placement of the children, she was nevertheless diligent in her visitation despite the fact that the father was consistently late in arriving at the meeting place between the residences. There was other proof raising serious concerns about the father's parenting skills and the potential detrimental effect of those on the children. He elected not to testify, enabling the court to draw the strongest possible inferences against him (*see Matter of Miosky v Miosky*, 33 AD3d 1163, 1167 [2006]). A review of the record shows that the decision to modify the custody arrangement and permit relocation of the children was in the children's best interests.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.