In the Matter of MARVELLE WOODRUFF, Appellant, v KEVIN ROGERS, Respondent. (Appeal No. 1.) [857 NYS2d 832]— Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered April 20, 2006 in a proceeding pursuant to Family Court Act article 8. The order dismissed the family offense petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Marvelle Woodruff, the mother of the children at issue herein, contends in appeal No. 1 that Family Court erred in dismissing her family offense petition, and she contends in appeal No. 2 that the court erred in modifying a prior order of custody and visitation by removing the provision that the two-hour period of weekly visitation of Kevin Rogers, the children's father, must be supervised by the mother. We affirm the order in each appeal. The court properly dismissed the

mother's family offense petition in appeal No. 1 because the mother failed to establish "by a 'fair preponderance of the evidence' " that the father committed the violation of harassment in the second degree (Penal Law § 240.26 [1]) and the crime of menacing in the third degree (§ 120.15), as alleged in her petition (*Matter of Smith v Smith*, 24 AD3d 822, 823 [2005], quoting Family Ct Act § 832). Contrary to the mother's contention with respect to the order in appeal No. 2, the record establishes that the court's modification of the prior order of custody and visitation was in the best interests of the children (*see generally Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Sullivan v Sullivan*, 40 AD3d 865, 866). Present— Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.