In the Matter of MONICA MALLORY, Appellant, v BRADY JACKSON JR., Respondent. (And Another Related Proceeding.) [857 NYS2d 767]—

Kavanagh, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered July 20, 2007, which dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have two daughters (born in 2003 and 2004). Upon agreement of the parties, a modified order was entered in June 2006 which granted the parties joint legal custody of the

two children, with physical custody to the mother. In October 2006, just four months later, the mother brought the instant petition seeking permission to relocate the children to North Carolina. While the petition was pending, the mother moved to North Carolina, leaving the children with the father at his mother's home in Schenectady County. In response, the father filed a petition to modify the custody and visitation order, seeking sole custody of both children. The mother then filed an amended petition which supplemented her original relocation petition. Family Court held a hearing and, at the completion of the mother's testimony, granted the father's motion to dismiss the mother's petition.* The mother appeals and we affirm.

In support of her petition to move the children to North Carolina, the mother was required to demonstrate by a preponderance of the evidence that the proposed relocation would be in the children's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 742 [1996]; *Matter of Gutiy v Gutiy*, 40 AD3d 1155, 1156 [2007]; *Matter of Winn v Cutting*, 39 AD3d 1000, 1001 [2007]; *Matter of Armstrong v Crout*, 33 AD3d 1079, 1079-1080 [2006]). The mother stated that, throughout their relationship, the father had failed to provide her with financial support and that part of her motivation in moving to North Carolina with the children was to be near a relative who had offered her financial assistance. However, the mother, who had already relocated, failed to present any evidence at the hearing that her financial situation in North Carolina was significantly better than it had been while she lived in New York. For example, while her rent was $50 less per month, she and the two children would be forced to live together in a single room in the relative's home in North Carolina. In addition, she admitted to earning less money while employed in North Carolina than she had earned while living in New York, and she conceded that, with the exception of the one relative, the remainder of her extended family and other relatives continued to reside in New York.

In determining whether relocation is in the best interest of the child, factors to be taken into consideration include " 'each parent's reason for moving or opposing the move, the relationship between the child[ren] and each parent, the impact of the move on the quality and quantity of future contact between the child[ren] and the noncustodial parent, and the potential enhancement of the child[ren]'s and custodial parent's lives' " (*Matter of Armstrong v Crout*, 33 AD3d at 1080, quoting *Matter of Smith v Hoover*, 24 AD3d 1096, 1096-1097 [2005]; *see Matter*

---

* The parties then reached a custody agreement which provided joint custody of the children, with physical custody to the father.

*of Tropea v Tropea*, 87 NY2d at 741). In general, Family Court's "findings and determinations on these issues . . . will not be disturbed on appeal if supported by a sound and substantial basis in the record" (*Matter of Gutiy v Gutiy*, 40 AD3d at 1156). The mother's concerns about the father's use of drugs as well as his abuse of her during their relationship must be viewed in contrast to her decision to leave the children in his care for a prolonged period of time while she moved to North Carolina. In addition, relocation to North Carolina would undoubtedly deprive the children of any meaningful contact with their father as well as other members of their extended family, all of whom, as previously noted, continue to live in New York (*see Matter of Streid v Streid*, 46 AD3d 1155, 1156 [2007]).

Given these findings, and the mother's failure to establish the existence of a compelling need justifying the relocation of the children to North Carolina (*see Matter of Meier v Key-Meier*, 36 AD3d 1001, 1003 [2007]), we find that Family Court's determination that this move was not in the children's best interests is supported by a sound and substantial basis in the record (*see Matter of Gutiy v Gutiy*, 40 AD3d at 1156; *Matter of Meier v Key-Meier*, 36 AD3d at 1003-1004).

Mercure, J.P., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.