In the Matter of TIMNIT T. YISHAK, Appellant, v TENSAEW M. ASHERA, Respondent. (And Five Other Related Proceedings.) [890 NYS2d 193]—

Garry, J.

The parties were married in Eritrea in 1986 and lived in Sudan for several years before coming to the United States in September 1990 and settling in the Village of Johnson City, Broome County. They moved into the current residence of respondent (hereinafter the father) in 1998. They have five children. Three of the children were minors at the time of this litigation, ages 17, 15, and 9. Petitioner (hereinafter the mother) alleges that her relationship with the children and with the father broke down after the father's brother and his wife and child moved into the parties' home in 2000. After the parents separated in 2007, the children continued to live with their father in the family residence.

In July 2007, the mother and father each filed a custody petition and a family offense petition. The mother subsequently filed two petitions alleging violations of temporary orders of visitation. Following a lengthy fact-finding hearing and a *Lincoln* hearing, Family Court dismissed the violation and family offense petitions, granted joint custody to the parties, and granted primary physical custody of the children to the father, with

visitation to the mother as the parties might reasonably agree. The mother now appeals.

"[T]he overriding consideration in determining custody is always the best interests of the child" (*Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Assessment of the child's best interests requires the court to consider the totality of the circumstances, including " 'such relevant factors as maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other' " (*Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191-1192 [2008], quoting *Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]; *see Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1102 [2007]). The mother contends that the evidence at trial demonstrated that physical placement of the children with her was in their best interests. In her view, Family Court gave inadequate consideration to witness testimony describing her as a loving, effective parent and a capable housekeeper. She further contends that the court should have found that the father alienated the children from her by relegating her to an inferior status in favor of his brother's family.

As Family Court specifically acknowledged, however, there was significant conflict in the testimony pertaining to the quality of the parties' relationships with the children and their contributions to family life. The trial testimony of several witnesses, including the parties' older children, described severe strains in the relationship between the children and their mother. While the court credited both parties with having played a significant role in raising the children, whom the court found to be well-adjusted, it also found that the children were thriving while residing with their father, that they had ample opportunities to visit their mother but were sometimes reluctant to do so, and that the visitation that had occurred was not successful. Finding the children to be intelligent and articulate, the court gave significant weight to their testimony in concluding that the evidence did not support the mother's alienation claims. According the appropriate deference to the court's opportunity to evaluate the credibility and demeanor of the witnesses and to resolve contradictory testimony, we find no reason to disturb the custody determination, which is amply supported by the record (*see Matter of Gast v Gast*, 50 AD3d 1189, 1189-1190 [2008]; *Matter of Eck v Eck*, 33 AD3d at 1083).

The mother further challenges Family Court's dismissal of her family offense petition, arguing that on two occasions, including one in which police were called to the residence, the father committed acts constituting harassment in the second degree. A family offense must be established by "a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Smith v Smith*, 24 AD3d 822, 823 [2005]). The parties offered differing accounts of the events in question. According due deference to the court's assessment of credibility, the dismissal was sufficiently supported by the record (*see Matter of Gil v Gil*, 55 AD3d 1024, 1025 [2008]).

Finally, the mother challenges the dismissal of her visitation violation petitions. In February 2009, however, during the pendency of this appeal, she commenced violation and modification proceedings that were resolved by an order entered on consent in September 2009, setting forth a new visitation schedule and requiring the father to provide transportation and enroll the children in counseling. This order provides that it supersedes all prior conflicting orders. These are the same issues addressed in the mother's previous violation petitions, and that aspect of her appeal is thus rendered moot (*see Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]).

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.