■ In the Matter of BELINDA YY., Appellant, v LEE ZZ., Respondent. (Proceeding No. 1.) In the Matter of BELINDA YY., Appellant, v LEE ZZ., Respondent. (Proceeding No. 2.) [903 NYS2d 568]—

McCarthy, J. Appeals (1) from an order of the Family Court of Cortland County (Campbell, J.), entered January 30, 2009,

which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered February 25, 2009, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the divorced parents of two children, only one of whom is still a minor (born in 1992). The family has an extensive history in Family Court, including numerous proceedings under Family Ct Act articles 6, 7, 8 and 10. Petitioner commenced a proceeding pursuant to Family Ct Act article 6 seeking sole custody of the minor child and termination of respondent's visitation rights. Petitioner also commenced a family offense proceeding pursuant to Family Ct Act article 8 seeking an order of protection on behalf of herself and the child against respondent. Following a hearing, Family Court dismissed the family offense petition and awarded sole custody to respondent with visitation to petitioner. Petitioner appeals from both orders.

Family Court properly dismissed the family offense petition. Petitioner testified that she and the child were scared of respondent, but this fear appeared based on rumors or events that she admitted were not recent. Most of her testimony was inadmissible hearsay, which cannot be used to establish a family offense (see Family Ct Act § 834). The court found petitioner's credibility questionable and the child's testimony did not support the petition. Accordingly, the court properly determined that petitioner did not establish a family offense by "a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Yishak v Ashera, 68 AD3d 1282, 1284 [2009]).

Family Court did not err in awarding custody to respondent. The prior custody order pursuant to Family Ct Act article 6 was entered in 2003, but the parties and even the court were confused as to the actual controlling order because custody had been subsequently awarded either permanently or temporarily in proceedings pursuant to Family Ct Act articles 7 or 10. Either because of or despite the orders, the child had lived with each of the parties at different times. The record contains proof of several changes in circumstances since the 2003 order such that a change in custody would be warranted, including the numerous Family Court proceedings, petitioner's arrest and pending criminal charges, the child's arrest and pending criminal charges and recent child protective reports substantiated against both parties. A substantial change in circumstances having been established, the evidence supports the court's de-

termination that a change in custody was necessary to ensure the child's best interests (*see Matter of Gorham v Gorham*, 56 AD3d 985, 986 [2008]).

Testimony showed that petitioner could not control the child, she and her paramour used drugs in the residence and smoked marihuana with the child, and she was facing charges of endangering the welfare of a child and forcible touching. While respondent had been evicted from his residence, he was never homeless and found a new residence soon thereafter, he and his wife both have jobs and he does not use drugs. Although respondent did not immediately enroll the child in school, respondent was working with the school district and a caseworker to establish an appropriate educational plan and mental health counseling for the child. Family Court found petitioner less than credible because, in addition to witnessing her demeanor during the hearing, the court verified that some of her testimony was not accurate (*see Matter of Yishak v Ashera*, 68 AD3d at 1283). The child testified that he wanted to live with respondent, had moved in with respondent during the pendency of these proceedings and felt less stress in that household. While the child's wishes are not determinative, a child's age and reasoning may render those wishes more probative and entitle them to greater consideration (*see Matter of Gutiy v Gutiy*, 40 AD3d 1155, 1156 [2007]; *Matter of Carnese v Wiegert*, 273 AD2d 554, 557 [2000]). Noting that the child was 16 years old and rationally explained the reasons for his choice of custodial arrangements, the court did not err in relying on those wishes to reach its determination. Overall, the record contains a sound and substantial basis to support the court's determination that respondent should be awarded sole custody (*see Matter of Gutiy v Gutiy*, 40 AD3d at 1156).

Peters, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.