Kavanagh, J.
The father’s cooperation over the ensuing months was minimal. In a March 2010 appearance before Family Court (Czajka, J.), the father agreed to follow a recommendation from a psychological evaluation of the children indicating that, before his visitation would resume, “he obtain a full and complete *1180 mental health evaluation, and engage in therapeutic counseling thereafter.” A consent order to that effect was entered on March 25, 2010, which provided that, in the event the parties could not agree as to how visitation was to resume following the father’s completion of the mental health evaluation, the father was to “re-petition the court to establish visitation.” Nonetheless, the father did not follow through with obtaining the evaluation and, instead, brought a petition in October 2010, seeking, among other things, enforcement of the visitation provisions of the stipulation embodied in the superceded August 2007 order. Following a hearing, the court dismissed the petition with prejudice and the father did not appeal that order. The father then filed an almost identical petition again seeking enforcement of the visitation provisions of the August 2007 order. In an order entered December 20, 2010, the court dismissed this petition with prejudice.[2] This appeal ensued.
Appellate counsel for respondent seeks to be relieved of his assignment upon the ground that there are no nonfrivolous issues to pursue on appeal (see People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]). Upon our review of the record and the parties’ submissions, we agree. The only matter before this Court is an appeal from Family Court’s dismissal of the most recent of the father’s petitions seeking to enforce a superceded order. Under these circumstances, the court’s order must be affirmed and the father’s counsel is relieved of his assignment (see Matter of Danielle L., 269 AD2d 704 [2000]).
Peters, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs, and application to be relieved of assignment granted.

o Citing Matter of Horike v Freedman (37 AD3d 978, 980 [2007]), Family Court also directed that the Greene County Family Court Clerk not accept any further papers from the father for filing unless done so by order to show cause.