Matter of Lee v Lee (2018 NY Slip Op 05246)





Matter of Lee v Lee


2018 NY Slip Op 05246


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525487

[*1]In the Matter of STACY LEE, Appellant,
v
ELTON LEE, Respondent.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


The Kassner Law Office, PC, Glenville (Mark A. Kassner of counsel), for appellant.
Donnellan & Knussman, PLLC, Ballston Spa (Nancy E. Bunting of counsel), for respondent.
Susan L. Latimer, Latham, attorney for the children.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Saratoga County (Wait, J.), entered December 5, 2016, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of three children (born in 2005, 2007 and 2009). The oldest daughter suffers from a peanut allergy and the youngest daughter is allergic to cats. The parties' January 2014 judgment of divorce incorporated, but did not merge, their March 2011 separation agreement and amended August 2013 separation agreement, which provided for joint legal custody, primary physical custody with the mother and visitation for the father as agreed by the parties.
In March 2016, the mother filed a modification petition in which she alleged that there had been a change in circumstances because the father had taken the oldest daughter to an Asian restaurant where peanuts were an ingredient in the food, in violation of the recommendation of the child's doctor, and because he had exposed the youngest daughter to his pet cat. Family Court granted the father's motion to dismiss the petition for failing to allege a change in circumstances, and the mother appeals.
In May 2017, while the mother's appeal was pending, the father filed a modification petition seeking additional visitation. In March 2018, an order was entered on consent that granted the father additional visitation. Although the consent order does not specifically address the issues raised in the mother's petition, it nonetheless imposes restrictions upon the conduct in which the parties may engage during parenting time, or when they are in the presence of the children. Inasmuch as the consent order addressed the issue of the father's conduct during periods of visitation, the same issue raised in the mother's petition here, this appeal is moot (see Matter of Cole v Cole, 118 AD3d 1171, 1172 [2014]; Matter of Yishak v Ashera, 68 AD3d 1282, 1284 [2009]).
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.