Matter of Aaron OO. v Amber PP. (2019 NY Slip Op 07454)





Matter of Aaron OO. v Amber PP.


2019 NY Slip Op 07454


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

526366

[*1]In the Matter of Aaron OO., Appellant,
v
Amber PP., Respondent.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Todd G. Monahan, Schenectady, for appellant.
Timothy S. Brennan, Schenectady, for respondent.
Veronica Reed, Schenectady, attorney for the children.



Clark, J.
Appeal from an order of the Family Court of Schenectady County (Hall, J.), entered January 4, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2006, 2009 and 2013). In 2017, when he was several years into a 40-year prison sentence, the father commenced the instant Family Ct Act article 8 proceeding seeking an order of protection against the mother on behalf of the children. The father asserted that the mother had committed various family offenses against the children, including disorderly conduct, harassment, aggravated harassment, assault, criminal mischief, coercion, menacing, reckless endangerment, attempted assault and sexual misconduct. The matter proceeded to a fact-finding hearing and, following the conclusion of the father's testimony on direct examination, the mother moved to dismiss the petition on the basis of insufficient proof.[FN1] Family Court granted the motion, finding that the father had failed to support his allegations with sufficient competent proof, and issued an order dismissing the father's petition with prejudice. The father appeals.
We agree with Family Court that the father did not satisfy his burden of proving — "by a fair preponderance of the evidence through the admission of 'competent, material and relevant evidence'" — that the mother committed a family offense against the children (Matter of Patricia H. v Richard H., 78 AD3d 1435, 1436 [2010], quoting Family Ct Act § 834; see Family Ct Act § 832). Nearly all of the father's "proof" consisted of hearsay statements made by the children or the father's relatives, which were inadmissible to prove the truth of the matters asserted (see Matter of Kristie GG. v Sean GG., 168 AD3d 25, 28-29 [2018]; Matter of Belinda YY. v Lee ZZ., 74 AD3d 1394, 1395 [2010]). The remaining proof presented by the father was insufficient to support any of the family offenses alleged to have been committed by the mother (see Matter of Leighann W. v Thomas X., 141 AD3d 876, 879 [2016]; Matter of Belinda YY. v Lee ZZ., 74 AD3d at 1395). Further, Family Court properly denied the father's request for a Lincoln hearing, which, even if appropriate in a Family Ct Act article 8 proceeding (compare Matter of Joyesha J. v Oscar S., 135 AD3d 557, 558 [2016], with Matter of Mauzy v Mauzy, 40 AD3d 1147, 1148 [2007], and Matter of Hanehan v Hanehan, 8 AD3d 712, 714 [2004]), could not have cured the infirmities in the father's proof (see generally Matter of Shaver v Bolster, 155 AD3d 1368, 1370 [2017]). Accordingly, we affirm Family Court's dismissal of the father's petition with prejudice.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the children joined in the mother's motion to dismiss the petition.